AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

In Re 17 U.S.C. § 512(h) Subpoena to Symphonic Distribution, Inc.

*Plaintiff*

v.

*Defendant*

Civil Action No. 2:26-mc-00091-UA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Symphonic Distribution, Inc.
707 North Franklin Street, Suite 400, Tampa, FL 33602

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1.

| Place: Veritext Tampa, 201 E. Kennedy Boulevard, Suite 712, Tampa, FL 33602; 800-275-7991 or via email to Oscar.ramallo@arnoldporter.com | Date and Time: October 21, 2026 at 10:00 am PT |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2026

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* JYP Entertainment Corporation, who issues or requests this subpoena, are:

Oscar D. Ramallo (State Bar No. 241487); 777 South Figueroa St., 44th Fl. Los Angeles, CA 90017-5844; Oscar.ramallo@arnoldporter.com; (213) 243-4000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT 1

## DEFINITIONS AND INSTRUCTIONS

1. Notwithstanding any Definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. The term "Document" or "Documents" as used herein includes any medium upon which information is or can be recorded, including without limitation the following items, whether printed or reproduced or stored or recorded by any process or on any medium, or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: reports, letters, emails, memoranda, summaries, notes, letters, correspondence, logs, books, periodicals, printed publications, communications, telexes, telegrams, summaries or records of telephone conversations, electronic or text messages, chat messages, social media or Internet posts or messages, research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, opinions of counsel, agreements, contracts, reports or summaries of negotiations, court papers, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, press releases, videotapes, radio tapes, electronic mail, story boards, recordings, drafts of Documents and revisions of drafts of Documents. The term "Document" includes Electronically Stored Information in addition to hard-copy Documents.

3. "Electronically Stored Information" or "ESI" shall have the broadest meaning accorded to it by Rule 34 of the Federal Rules of Civil Procedure, including Documents and information stored, or recorded by, any electronic means, such as, without limitation, in a computer, hard drive, optical disk, floppy disk, diskette, tape,

videotape, record, cassette, removable electronic media, flash drives, electronic mail or instant messaging, any other electronic recording, or other data compilation form from which information can be obtained or translated.

4. "Include", "Includes," or "Including," whether capitalized or not, means including without limitation.

5. The term "You," "Your," or "Symphonic" shall mean Symphonic Distribution, Inc., and its predecessors, parents, subsidiaries, assigns, or other affiliated or related business entities, as well as Symphonic's principals, directors, officers, employees, agents, contractors, salespersons, investors, shareholders, members, sales representatives, and representatives, and any other persons acting or purporting to act on behalf of Symphonic.

6. The term "Infringing Material" means the sound recording and/or musical composition reproducing or derived from JYP Entertainment Corporation's copyrighted work "Back to Life" that was distributed by Symphonic under the account or artist name "New Vibs" (ISRC: GBRKQ2697310; UPC: 824296599440), which was made available in at least the following locations:

- YouTube: A813089287679672 (art track ID); and
- Instagram, TikTok, and Apple Music.

7. "Account" means the Symphonic Distribution user account(s) associated with the Infringing Material.

8. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

9. The terms "any" and "all" shall each be construed to mean "any and all."

10. The term "each" includes the word "every" and "every" includes the word "each."

11. The masculine form of any noun or pronoun includes the feminine and the neuter form and the feminine or neuter form includes the masculine form.

12. The use of the singular form of any word includes the plural, and the use of the plural includes the singular.

13.If responsive information is unavailable, please identify the categories that are unavailable and describe any identifying information within your possession, custody, or control.

**REQUESTS FOR PRODUCTION**

1. Documents and/or ESI sufficient to identify the owners or operators of the New Vibs Account associated with the Infringing Material, including:

   a. The full legal name(s) of the Account holder(s) and of any individual or entity that created, registered, controlled, or uploaded the Infringing Material.

   b. All physical, mailing, and billing address(es) associated with the Account or the Infringing Material.

   c. All email address(es) associated with the Account.

   d. All telephone number(s) associated with the Account.

   e. All account identifiers and usernames associated with the Account, including any artist or label name and any associated profile identifiers on downstream platforms.

   f. All other identity and contact information, including date of birth, gender, occupation, and other personal identifiers including profile photographs associated with the Account.

   g. Internet Protocol (IP) address logs associated with the Account, including the IP address and date/time stamp (with time zone) of account registration and of each upload or submission of the Infringing Material.

   h. Any other identifying information regarding the owners or operators of the Accounts.

2. Documents and/or ESI showing payment information for services provided by Symphonic to the owners/operators of the Account and/or otherwise in relation to the Account, including:

a. Names associated with payment accounts;

b. Bank information, including bank routing and account numbers;

c. Credit card account numbers; and

d. Physical addresses associated with payment accounts.